UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 6:23-cv-02302

SCIENCE PHOTO LIBRARY LTD.,

    Plaintiff,

v.

BELL PERFORMANCE, INC.
a Florida corporation,

    Defendant.

---

## DEFENDANT BELL PERFORMANCE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, Bell Performance, Inc., by and through its attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. 6 and Local Rule 3.01, moves for an extension of time to respond to plaintiff's complaint, [DE 1].

This is a copyright trolling case filed after the statute of limitations has expired.

Plaintiff Science Photo Library Limited commenced this lawsuit by filing its complaint on November 30, 2023—more than three years after it explicitly acknowledges when its claim accrued: January 18, 2019 [DE 1 at ¶ 20], and nine months after the statute of limitations ran, 17 U.S.C. § 507(b); see also Oppenheimer v. Palange, no. 23-cv-20507 (S.D. Fla. Dec. 24, 2023) (Gayles, J.) (concluding that "[t]he injury rule applies here because copyright infringement is the 'gravamen' of Plaintiff's claims," citing Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325, 1330 (11th Cir. 2023), cert. granted in part sub nom. Warner Chappell Music v. Sherman Nealy, No. 22-1078, 2023 WL 6319656 (U.S. Sept. 29, 2023) and holding that "any claims that accrued before February 8, 2020, are **DISMISSED**") (emphasis in original).

Science Photo Library served the original process on defendant on December 8, 2023. [DE 9]. Defendant Bell Performance then engaged the undersigned counsel on December 28, 2023, with one day left before its deadline to respond to the complaint: December 29, 2023. Declaration of Griffin Klema, attached as Exhibit A. The deadline has not yet passed. Fed. R. Civ. P. 12(a)(1)(A)(i). Crucially, the deadline falls at a time when the undersigned counsel had a pre-planned 18-day vacation in Wisconsin over the holidays. Ex. A. Defense counsel, as a true solo practitioner, had effectively less than 48 hours after being engaged to prepare a response. Id.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time ... if a request is made, before the original time or its extension expires ...." Fed. R. Civ. P. 6(b)(1). The standard is a liberal one, and "an application for enlargement of time under Rule 6(b)(1) will normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4b CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE, § 1165, at 552 (3d ed. 2002).

Here, there is good cause to grant Bell Performance a reasonable extension of time:

1. this is Bell Performance's first request for an extension of time;
2. the undersigned counsel is a true solo practitioner, Ex. A;
3. the deadline occurs at a time when defense counsel had a pre-planned vacation, Ex. A;
4. the amount of time available to prepare a response to the complaint was effectively 48 hours, Ex. A.;
5. the deadline for a response falls between Christmas and New Year's day;
6. an additional 30 days is reasonable, and will not lead to an unreasonable delay.

Besides good cause for the extension of time, there does not appear to be any prejudice that would result to Science Photo Library if the extension were granted.

**WHEREFORE**, defendant Bell Performance, Inc. requests the Court enter an order granting this motion for extension of time to respond to plaintiff's complaint [DE 1], through and including January 29, 2024; and for such further relief as the Court deems just and proper.

## CERTIFICATE OF COUNSEL

Counsel for the movant certifies that he attempted to confer with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. Defense counsel contacted CopyCat Legal by telephone on December 29, 2023, and was advised that counsel for plaintiff was unavailable. Nevertheless a message was left advising of the undersigned's retention in the matter with a request for extension of time. As of the date of filing of this motion, no response has been received, and it is unclear whether the relief requested herein is opposed. However, the undersigned notes a recent disagreement in another matter with CopyCat Legal concerning a similar request for extension of time, and cites the corresponding motion filed today: Def.'s Mot. for Extension of Time and for Sanctions, Affordable Aerial Photography Inc., v. Sync RFID Inc., no. 2:23-cv-14379-KMM (S.D. Fla. Dec. 29, 2023).

      /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*