UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 6:23-cv-02302-PGB-LHP

SCIENCE PHOTO LIBRARY LTD.,

    Plaintiff,

v.

BELL PERFORMANCE, INC.
a Florida corporation,

    Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Bell Performance, Inc., by and through its attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. 12, answers plaintiff Science Photo Library Ltd.'s complaint [DE 1] and further pleads by affirmative defenses in response to this copyright trolling case.

### ANSWER

1.     Defendant is without knowledge of the allegations contained in paragraph 1 and therefore denies same.

2.     Defendant admits the allegations contained in paragraph 2.

3.     Defendant admits the allegations contained in paragraph 3.

4.     Defendant admits the allegations contained in paragraph 4.

5.     Defendant admits the allegations contained in paragraph 5.

6. The allegations contained in paragraph 6 are improper bolstering, almost certainly false, and immaterial regardless. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

7. The allegations contained in paragraph 7 are improper bolstering, almost certainly false, and immaterial regardless. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

8. The allegations contained in paragraph 8 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

9. The allegations contained in paragraph 9 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

10. The allegations contained in paragraph 10 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

11. The allegations contained in paragraph 11 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

12. The allegations contained in paragraph 12 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

13. The allegations contained in paragraph 13 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 and therefore denies same.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 and therefore denies same.

16. With regard to the allegations contained in paragraph 16, defendant admits that an apparent certificate of registration is attached to the complaint as Exhibit A, but defendant lacks knowledge or information sufficient to form a belief about the allegations.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies how plaintiff characterizes defendant's business, as alleged in paragraph 18.

19. With regard to the allegations contained in paragraph 19, while defendant admits that it maintains the alleged website and social media, it denies plaintiff's characterizations in this paragraph.

20. Defendant admits that the URL indicated was publicly available online in January 2019, but otherwise denies the allegations contained in paragraph 20.

21. Defendant admits that the exhibit attached as "B" to the Complaint appears to be a portion of defendant's website blog at the URL indicated, but otherwise denies the allegations contained in paragraph 21.

22. Defendant admits the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant admits that it may have found certain images online that are depicted on the subject website, but otherwise denies the allegations contained in paragraph 24, and denies that it used the alleged work or otherwise infringed plaintiff's copyright.

25. Defendant admits that plaintiff sent it an extortionate, copyright trolling demand letter, but denies the remainder of the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Paragraph 27 of the Complaint is a re-incorporation paragraph, for which defendant re-adopts its responses.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 and therefore denies same.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

Defendant denies that plaintiff is entitled to any relief whatsoever in this action. Defendant specifically denies all allegations, if any, and conclusions of law, if any, to which it did not specifically admit or respond to in this Answer to plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. **Defense 1 – Statute of Limitations**. Plaintiff's claim for copyright infringement damages and other legal relief is completely barred by the Copyright Act statute of limitations. 17 U.S.C. § 507(b). Furthermore, any damages cannot exceed three years prior to the date on which the lawsuit was brought. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014) (holding that a plaintiff may obtain "relief running only three years back from the date the complaint was filed").

2. **Defense 2 – Invalidity – § 411(b)**. On information and belief, plaintiff is not the owner of the alleged copyrighted work. 17 U.S.C. § 201(b). Plaintiff, nor its predecessors in interest, did not have, and does not currently have, any ownership interest or exclusive rights in the subject work. Consequently, plaintiff and plaintiff's predecessor in interest is not considered a claimant pursuant to the Copyright Act, and the copyright registration sued upon is invalid for a knowing and material error. Unicolors Inc. v. H&M Hennes & Mauritz, L. P., 142 S. Ct. 941 (2022).

3. **Defense 3 – Plaintiff Lacks Standing.** Plaintiff is neither the owner of nor an exclusive licensee of the alleged copyrighted work, as ownership of any copyright in same vested in an unidentified person. The registered work, was a work for hire such that plaintiff does not have, and knew it did not have, any ownership interest in the subject work. 17 U.S.C. § 201(b). Plaintiff has no written transfer of the copyright from the original author to it, signed by the author, as required by § 204.

4. **Defense 4 – Failure to State a Claim**. Because, among other reasons, the certificate of registration is invalid, plaintiff cannot state a claim for relief. 17 U.S.C. § 411(a); Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S.Ct. 881 (2019).

5. **Defense 5 – Invalidity – Insufficiently Creative.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendant's copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection. Applying the doctrines of merger, *scènes à faire*, natural elements, standard technique or practice, efficiency, compatibility, and others, plaintiff has no copyrightable (protectable) expression, and thus copying the subject work cannot infringe plaintiff's claimed copyright. There is no originality in the timing or the subject matter of the natural scene. Furthermore, photography of a natural scene is ubiquitous and commonplace such that the "angle" of the image is not protectable expression but rather merely an unprotectable idea. Harner v. Wong Corp., no. 12-cv-00820 (D.N.M. Oct. 31, 2013) Kim Seng Co. v. J & A Importers, Inc., 810 F.Supp.2d 1046 (C.D. Cal.

2011); Oriental Art Printing v. Goldstar Printing Corp., 175 F.Supp.2d 542 (S.D.N.Y. 2001); see also Rentmeester v. Nike, Inc., 883 F.3d 1111, 1120 (9th Cir. 2018); Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763 (9th Cir. 2003); Satava v. Lowry, 323 F.3d 805, 811 (9th Cir. 2003).

6. **Defense 6 – License.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendant's use, if any, of any element from the work in which plaintiff alleges a copyright interest was a permissible use pursuant to license (whether contractually, impliedly, or equitably) granted by plaintiff, and/or a listing agent or broker, and/or a multiple listing service and its affiliates to defendant.

7. **Defense 7 – Damages are Limited to Objective Market Value.** Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces. E.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); On Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001). The objective market value of the alleged work is relevant to and limits plaintiff's claim to damages, whether statutory or actual. The actual market for routine microscopy images for use online is approximately $250 for an irrevocable perpetual worldwide fully paid up royalty-free nonexclusive license. Furthermore, plaintiff previously offered to license its real estate images for that same amount to the public.

8. **Defense 8 – Innocent, Good Faith Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because on information and belief, the work can be found online without any copyright management information. Defendant has

not willfully infringed any intellectual property or other rights owned by plaintiff and defendant acted in good faith and without any intent to injure plaintiff.

9. **Defense 9 – De Minimis Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*, or did not use any elements that are protectable expression.

10. **Defense 10 – Copyright Misuse**. Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act. Lasercomb America, Inc. v. Reynolds, 911 F.2d 970 (4th Cir. 1990). Its improper conduct includes, but is not limited to, selectively enforcing against certain persons and entities, using enforcement efforts to derive revenue extortionately greater than the fair market value of the work or the fair amount of damages actually suffered, purporting to own and license works in the public domain, and generally engaging in a pattern of improper pre-suit and litigation misconduct. Plaintiff cannot claim the benefits of his copyright monopoly.

### Defendant's Prayer for Relief

WHEREFORE, Bell Performance Inc. prays for judgment as follows:

a) that plaintiff takes nothing by way of the complaint and the Court dismiss the complaint with prejudice;

b) that the Court enter judgment that defendant is the prevailing parties in this action;

c) that the Court award defendant its full costs, including reasonable attorney's fees, against plaintiff pursuant to 17 U.S.C. § 505; and

d) that the Court award any and all other relief to which defendant may be entitled.

Dated: January 29, 2024.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*