## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case No. 6:23-cv-02302-PGB-LHP

SCIENCE PHOTO LIBRARY LTD.,

     Plaintiff,

v.

BELL PERFORMANCE, INC.
a Florida corporation,

     Defendant.

---

### DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO 17 U.S.C. § 507(b)

Defendant, Bell Performance, Inc. ("Bell Performance"), by and through its attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. 12(c) moves for judgment on the pleadings against plaintiff Science Photo Library Ltd. ("Science Photo") for pleading on the face of the complaint that the Copyright Act's statute of limitations, 17 U.S.C. § 507(b), has run.

i

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS.....................................................................ii

TABLE OF CITATIONS ..................................................................iii

INTRODUCTION............................................................................1

PROCEDURAL HISTORY ...............................................................1

STANDARD FOR JUDGMENT ON THE PLEADINGS ............................2

ARGUMENT ....................................................................................3

I.    THE COMPLAINT ALONE SHOWS THAT SCIENCE PHOTO'S COPYRIGHT INFRINGEMENT CLAIM IS UNTIMELY ...............4

    A.    The plain language of the Copyright Act statute of limitations shows that a claim for infringement accrues when an infringing act occurs, not upon the discovery of the violation .........4

        1.    *The Copyright Act's statute of limitations speaks in terms of a claim's accrual*..................................................................................... 4

        2.    *A claim accrues for purposes of a statute of limitation when a plaintiff has a complete and present cause of action* ................................................. 4

    B.    The elements of a copyright claim both define and distinguish ownership from infringement claims and when each type of claim accrues ...........................................................................7

        1.    *A claim for copyright infringement exists when there is ownership of a valid copyright and a defendant copies protectable expression from the work* .................................................................................. 7

        2.    *A claim for copyright ownership is different, and exists when there is a bona fide dispute between two competing claimants to that right*.............. 8

    C.    Science Photo has not shown entitlement to equitable tolling to save its untimely claim because it cannot show extraordinary circumstances exist ......................................... 11

    D.    All alleged volitional conduct of infringement occurred more than three years before Science Photo brought suit and Science Photo failed to allege extraordinary circumstances justifying equitable tolling ............................................................... 13

CONCLUSION ............................................................................ 14

# TABLE OF CITATIONS

Page

## Cases

Am. Broadcasting Co. v. Aereo, Inc., 573 U.S. 431 (2014) .......................................7

Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974)..............................................5

Andrx Pharms., Inc. v. Elan Corp., 421 F.3d 1227 (11th Cir. 2005).........................1

Bagett v. Bullitt, 377 U.S. 360 (1964) ....................................................................10

Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio, 446 U.S. 478
    (1980) ...............................................................................................................4

Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) ...................................11

BWP Media USA, Inc. v. T & S Software Assocs., Inc., 852 F.3d 436 (5th Cir.
    2017)..................................................................................................................7

Cal. Pub. Employees' Ret. Sys. v. ANZ Sec., Inc., 137 S.Ct. 2042 (2017) ..............10

Cartoon Network LP, LLLP v. CSC Holdings, Inc., 536 F.3d 121 (2d Cir.
    2008)..................................................................................................................6

Chase Sec. Corp. v. Donaldson, 325 U.S. 304 (1945) ..............................................5

Clapper v. Amnesty Int'l USA, 568 U.S. 398 (2013)................................................8

Compulife Software Inc. v. Newman, 959 F.3d 1288 (11th Cir. 2020) .....................6

Consumer Health Info. Corp. v. Amylin Pharms., Inc., 819 F.3d 992 (7th Cir.
    2016)..................................................................................................................8

CoStar Grp., Inc. v. LoopNet, Inc., 373 F.3d 544 (4th Cir. 2004) ...........................7

CTS Corp. v. Waldburger, 573 U.S. 1 (2014) ........................................................10

DeBoskey v. Statebridge Co., no. 23-11898 (11th Cir. Jan 24, 2024).......................2

Emory v. Peeler, 756 F.2d 1547 (11th Cir. 1985) ....................................................8

Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991).......................6

Gabelli v. SEC, 568 U.S. 442 (2013) ................................................................4, 5

Goff v. Lasalle Bank, N.A., no. 12-15859 (11th Cir. May 1, 2013)...........................2

Guarino v. Wyeth LLC, 823 F. Supp. 2d 1289 (M.D. Fla. 2011) .............................2

Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367 (11th Cir. 1998) ......................2

Holland v. Florida, 560 U.S. 631 (2010)................................................................10

Klehr v. AO Smith Corp., 521 U.S. 179 (1997) ................................................7, 13

La Grasta v. First Union Sec., Inc., 358 F.3d 840 (11th Cir. 2004)...........................2

Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941)...........................8

Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325 (11th Cir. 2023)....................9

Oppenheimer v. Palange, no. 23-cv-20507 (S.D. Fla. Dec. 24, 2023) ......................13

Order of R.R. Telegraphers v. Ry. Express Agency, 321 U.S. 342 (1944).................5

Padilla v. Porsche Cars N. Am., Inc., 391 F. Supp. 3d 1108 (S.D. Fla. 2019)...........2

Parker v. Google, Inc., 242 Fed. App'x 833 (3d Cir. 2007) ..................................6, 7

Perez v. Wells Fargo N.A., 774 F.3d 1329 (11th Cir. 2014) ....................................2

Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657 (9th Cir. 2017) .............................7

Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014)........................6, 9, 13

Prather v. Neva Paperbacks, 446 F.2d 338 (5th Cir. 1971) ....................................11

Rotkiske v. Klemm, 140 S.Ct. 355 (2019)...............................................................4

SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC, 137 S.Ct.
     954 (2017) ......................................................................................................4

Staley v. Sexual Offender Registration Revew Bd., no. 22-11813 (11th Cir. Feb
     07, 2023) .........................................................................................................2

Toussie v. United States, 397 U.S. 112 (1970) .........................................................5

TRW Inc. v. Andrews, 534 U.S. 19 (2001) ..............................................................4

United States v. Shabazz, 724 F.2d 1536 (11th Cir. 1984)........................................5

Vagenas v. Continental Gin Co., 988 F.2d 104 (11th Cir. 1993) ...............................2

Webster v. Dean Guitars, 955 F.3d 1270 (11th Cir. 2020)...................................8, 9

Wolf v. Travolta, 167 F.Supp.3d 1077 (C.D. Cal. 2016) ..........................................13

Wood v. Unified Gov't of Athens-Clarke Cnty., 818 F.3d 1244 (11th Cir. 2016)...................................................................................................................2

**Statutes**

17 U.S.C. § 106 ...............................................................................................................12

17 U.S.C. § 507(b) ......................................................................................................3, 5

28 U.S.C. § 2201 ..............................................................................................................8

## INTRODUCTION

Plaintiff Science Photo Library Ltd. ("Science Photo") is new to copyright trolling, being represented by well-known trolling firm CopyCat Legal (which filed more than 150 copyright infringement cases in 2023 alone). This case, like nearly all others handled by CopyCat Legal concerns a single photograph on a website and seeking tens of thousands of dollars from the accused infringers pre-suit and demanding confidential settlements to prop up the extortion. This is one such case, where Science Photo initially demanded $3,000 when represented by Global Rights Control, LLC, which increased to $30,000 when represented by CopyCat Legal, and which now demands $150,000.

But the statute of limitations has run, and Science Photo pleaded as much. The alleged infringement occurred more than three years before this suit was filed: January 18, 2019. That undisputed fact, affirmatively plead, dooms Science Photo's infringement claim under the Copyright Act's 3-year statute of limitations. Judgment for Bell Performance is proper as a matter of law.

## PROCEDURAL HISTORY

Science Photo brought a 1-count complaint for copyright infringement on November 30, 2023, against Bell Performance Inc. ("Bell Performance"). [ECF 1]. The complaint alleges that the purported infringement occurred only once: on January 18, 2019. [ECF 1 at ¶ 20]. Science Photo does not allege any further acts of infringement other than on that one date. Bell Performance answered the Amended Complaint. [ECF 15]. The pleadings are now closed and Bell Performance moves for

judgment on them pursuant to Rule 12(c) based on the Copyright Act statute of limitations and, by separate motion, for a stay of these proceedings.

## STANDARD FOR JUDGMENT ON THE PLEADINGS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings." Andrx Pharms., Inc. v. Elan Corp., 421 F.3d 1227, 1232 (11th Cir. 2005). "A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." Guarino v. Wyeth LLC, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). All material facts alleged in the non-moving party's pleading are accepted as true and must be viewed in the light most favorable to the non-moving party. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014).

A judgment based on the statute of limitations is appropriate at the pleadings stage when "it is apparent from the face of the complaint that the claim is time-barred." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004); accord DeBoskey v. Statebridge Co., no. 23-11898 (11th Cir. Jan 24, 2024) (affirming judgment of dismissal with prejudice); Staley v. Sexual Offender Registration Revew Bd., no. 22-11813 (11th Cir. Feb 07, 2023) (affirming judgment on the pleadings because plaintiff's injury occurred outside the limitations period notwithstanding that he "continues to face collateral effects" of the claim's earlier accrual); see also Goff v.

<u>Lasalle Bank, N.A.</u>, no. 12-15859 (11th Cir. May 1, 2013) (affirming Rule 12(c) motion that asserted statute of limitations); <u>Wood v. Unified Gov't of Athens-Clarke Cnty.</u>, 818 F.3d 1244 (11th Cir. 2016) (reversing the district court on non-procedural grounds); <u>Vagenas v. Continental Gin Co.</u>, 988 F.2d 104, 106-07 (11th Cir. 1993) (same). "When the time-bar is apparent from the face of the complaint, Plaintiffs bear the burden of pleading allegations sufficient to toll the statute of limitations." <u>Padilla v. Porsche Cars N. Am., Inc.</u>, 391 F. Supp. 3d 1108, 1112 (S.D. Fla. 2019) (granting defendant's motion to dismiss) (Moreno, J.).

## ARGUMENT

The words of the Copyright Act—together with case law interpreting and applying it—compel judgment in favor of Bell Performance. The Act's statute of limitations, 17 U.S.C. § 507(b) is clear, does not include a discovery provision, and thus a claim of copyright infringement accrues upon the occurrence of a violation of the Act. Several pending decisions before the Eleventh Circuit and Supreme Court will also have direct bearing on § 507(b), and have clear, definite implications for this case. Therefore defendant separately moves for a stay of these proceedings pending those decisions.

Regardless of the pendency of other actions, the existing case law compels judgment in Bell Performance's favor. A careful reading of existing decisions from the Eleventh Circuit and the Supreme Court reveals that the Act embodies an injury-occurrence rule of claim accrual and not the discovery rule for garden variety infringement claims. Those claims are to be distinguished from claims of copyright

ownership, and Science Photo's claim is due to be dismissed with prejudice for pleading affirmatively that its claim is time-barred.

## I.   THE COMPLAINT ALONE SHOWS THAT SCIENCE PHOTO'S COPYRIGHT INFRINGEMENT CLAIM IS UNTIMELY

### A. The plain language of the Copyright Act statute of limitations shows that a claim for infringement accrues when an infringing act occurs, not upon the discovery of the violation

#### 1. The Copyright Act's statute of limitations speaks in terms of a claim's accrual

The Copyright Act of 1976 ("Act") and its statute of limitations prescribes a 3-year window for timeliness of infringement claims. 17 U.S.C. § 507(b). It provides that "[n]o civil action shall be maintained ... unless it is commenced within three years after the claim accrued." Id. The Act's plain language speaks only in terms of when a claim "accrued." On its face, the text does not include any language suggesting knowledge—entirely lacking words like "learned," "knew," "discovered," "understood," or "was told." Id.

#### 2. A claim accrues for purposes of a statute of limitation when a plaintiff has a complete and present cause of action

The Supreme Court has routinely held that the meaning of the word "accrue" almost invariably concerns when an *injury* occurs, not upon the plaintiff learning of their claim. It has never applied an unwritten discovery rule for statutes of limitations outside the contexts of "fraud or concealment" or "latent disease and medical malpractice, where the cry for such a rule is loudest." TRW Inc. v. Andrews, 534 U.S. 19, 27 (2001) (citations, alteration, and quotation marks omitted).

The standard rule for interpreting statutes of limitations is to begin with its text. The Supreme Court has, in almost prefect unanimity across all judicial ideology, consistently held that the "'standard rule' is that a claim accrues 'when the plaintiff has a complete and present cause of action.'" Gabelli v. SEC, 568 U.S. 442, 448 (2013) (unanimous). The Supreme Court has held that it "is not ordinarily true" that a statute of limitations begins to run "when 'a plaintiff knows of a cause of action.'" SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC, 137 S.Ct. 954, 962 (2017) (Alito, J.) (8-1 decision). Consistent with that textual analysis, the Supreme Court has tended to reverse courts' "[a]textual judicial supplementation" when they add a discovery rule onto a statute of limitations where none is provided. Rotkiske v. Klemm, 140 S.Ct. 355, 360 (2019) (Thomas, J.) (8-1 decision). As Justice Scalia explained, "[t]he injury-discovery rule ... is bad wine of recent vintage. Other than [the Court's] recognition of the historical exception for suits based on fraud ... [the Court] ha[s] deviated from the traditional rule and imputed an injury-discovery rule to Congress on only one occasion." TRW, 534 U.S. at 37 (an "expansive approach to the discovery rule is a 'bad wine of recent vintage'") (Scalia, J., concurring in judgment) (unanimous decision).

This is because "[s]tatutes of limitations are not simply technicalities[, rather,] they have long been respected as fundamental to a well-ordered judicial system." Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio, 446 U.S. 478, 487 (1980). Indeed, the entire "purpose of the statute of limitations is to limit exposure [of an alleged wrongdoer] to a certain fixed period of time following the occurrence of those

acts." <u>Toussie v. United States</u>, 397 U.S. 112, 114 (1970); <u>see also</u> <u>Am. Pipe & Constr.</u> <u>Co. v. Utah</u>, 414 U.S. 538, 554 (1974) ("the right to be free of stale claims") (quoting <u>Order of R.R. Telegraphers v. Ry. Express Agency</u>, 321 U.S. 342 (1944)); <u>Chase Sec.</u> <u>Corp. v. Donaldson</u>, 325 U.S. 304 (1945) (statutes of limitation are "devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense" and "represent a public policy about the privilege to litigate").

For the Copyright Act in particular, the Eleventh Circuit has held that "the period of limitation begins on the date of the last infringing act." <u>United States v.</u> <u>Shabazz</u>, 724 F.2d 1536, 1540 (11th Cir. 1984) (applying the limitations period to criminal indictments under § 507(a)).

Judge Murphy's concurrence in <u>Everly v. Everly</u>, 958 F.3d 442, 459-68 (6th Cir. 2020), is the quintessential *textual* analysis from a circuit court judge why an infringement claim accrues under §507(b) upon its occurrence, and why that result is consistent with the foregoing Supreme Court decisions. While he acknowledges being precedent-bound in the Sixth Circuit to adhere to the incorrect discovery rule, he rightly criticizes those decisions, which "merely cite other decisions; they pay little attention to the statutory text or the Supreme Court's precedent." <u>Id.</u> at 461.

Returning to the text, the Copyright Act merely speaks in terms of a claim's accrual. 17 U.S.C. § 507(b). And because a claim, absent clear statutory text to the contrary, accrues when there is a complete and present cause of action, <u>Gabelli</u>, 568 U.S. at 448, a claim for copyright infringement accrues when its factual elements exist.

**B. The elements of a copyright claim both define and distinguish ownership from infringement claims and when each type of claim accrues**

> *1.   A claim for copyright infringement exists when there is ownership of a valid copyright and a defendant copies protectable expression from the work*

A claim for infringement requires a plaintiff to "prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). In the typical case there is no dispute over ownership of a copyright, and the only real element a plaintiff must show is "copying" of protectable elements of its work. See Compulife Software Inc. v. Newman, 959 F.3d 1288, 1301 (11th Cir. 2020). Notably absent from an infringement claims is any element of knowledge of that copying. See Feist, 499 U.S. 340. Because neither § 507(b) nor case law speak of a plaintiff's knowledge as concerns the plaintiff's elements of proof in a garden variety infringement claim, as here, such a claim accrues and a plaintiff may bring suit when an infringing *act* occurs. Cf. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 670 (2014) (stating in dicta that a copyright infringement claim accrues "when an infringing *act* occurs") (emphasis supplied). Further reinforcing a claim's accrual immediately upon conduct violating an enumerated right under § 106, Petrella noted that Section 507 "bars relief of any kind for *conduct* occurring prior to the three-year limitations period." Id. at 667 (emphasis supplied).

The nub of an infringement claim accrual analysis is: what did the defendant *do*, and *when* did they do it? As long as the "do" part of the analysis is an allegation of

infringement cognizable under § 106, then the entire inquiry collapses to a single temporal moment. That moment is the point in time of the act taking place, the claim's accrual, and starts the statute running because a plaintiff can bring a claim immediately at that moment. See Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1122 (2d Cir. 1989) (suit filed five months after infringement occurred).

### 2. A claim for copyright ownership is different, and exists when there is a bona fide dispute between two competing claimants to that right

In contrast to ordinary infringement claims, copyright ownership disputes are of a different character altogether—chiefly as a result of what is required for a claim of copyright ownership to exist: a dispute about ownership between competing claimants. Until there is a bona fide dispute, no ownership claim lies, and thus such claims do not accrue until that moment.

A copyright ownership dispute is essentially an equitable claim procedurally cognizable under the Declaratory Judgments Act, 28 U.S.C. § 2201, that refers to the Copyright Act for its substance. There is no explicit claim for copyright ownership under the Act. 17 U.S.C. §§ 101 et seq. Therefore a claim respecting ownership of a copyright does not exist until there is a *bona fide* controversy, see 28 U.S.C. § 2201 ("actual controversy"). Competing claims to a copyright thus depend on a fact-intensive assessment of whether a real dispute between two parties actually exists. Consumer Health Info. Corp. v. Amylin Pharms., Inc., 819 F.3d 992, 996-97 (7th Cir. 2016) (the Act's statute of limitations is applied differently as between ownership and infringement claims due to the very nature of when each type of claim accrues,

observing that the "distinction makes sense for purposes of claim-accrual analysis");
see also Clapper v. Amnesty Int'l USA, 568 U.S. 398, 411 (2013) (finding plaintiff
could not assert a declaratory judgment action because they "ha[d] no actual
knowledge" of the alleged wrongdoing" and holding that speculation of a possible
dispute is insufficient).Cf. Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270,
273 (1941) (the existence of an actual controversy "is necessarily one of degree");
Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985) (a controversy "may not be
conjectural, hypothetical, or contingent; it must be real and immediate, and create a
definite, rather than speculative threat of future injury"). Unsurprisingly, a copyright
ownership claim requires *knowledge* of the dispute, which is what the Eleventh Circuit
has twice held.

In Webster v. Dean Guitars, 955 F.3d 1270 (11th Cir. 2020), the court
contrasted infringement from ownership claims and distinguished how each accrues.
Id. at 1275 ("other circuits draw a distinction between the accrual of copyright
infringement and copyright ownership claims"). It went on to observe that "an
ordinary copyright infringement claim which accrues for each infringing ***act***" and
unlike those claims, "a claim concerning mainly ownership accrues … when the
plaintiff learns, or should as a reasonable person have learned that the defendant was
violating his ownership rights." Id. at 1276 (emphasis supplied). The plaintiff Webster
argued that "he own[ed] the lightning storm graphic," id., but the defendant Dean
Guitars asserted that a third party owned the rights, id. at 1273 ("[Abbott's estate is
the legal owner of it."). The court then agreed that "ownership [was] the only disputed

issue." <u>Id.</u> at 1276. And because ownership was the sole issue, the plaintiff's "copyright ownership claim accrued when he knew, or reasonably should have known, that his ownership rights in the [work] were being violated" and pointed to the 2007 email identifying Abbott's estate as the owner. <u>Id.</u>

Most recently that court again emphasized the difference between ownership-type claims and ordinary infringement claims, observing that "a copyright plaintiff's claim accrues when the harm, that is, the infringement, occurs, **no matter when the plaintiff learns of it**." <u>Nealy v. Warner Chappell Music, Inc.</u>, 60 F.4th 1325, 1330 (11th Cir. 2023) (emphasis supplied), <u>cert granted</u>, no. 22-1078 (Sept. 29, 2023). But it reiterated the different principle for ownership claim accrual. <u>Id.</u> at 1130-31 (the parties "agreed 'that this case presents an ownership dispute" and therefore the court held that "<u>Webster</u> controls"). Despite recognizing the ownership-type dispute, it went out of its way to again warn "that a separate copyright claim accrues '[e]ach time an infringing work is reproduced or distributed.'" <u>Id.</u> at 1332 (citing <u>Petrella</u>, 572 U.S. at 671). It further noted a corollary to that rule—which again makes plain *when* an infringement claim accrues—is the "separate-accrual rule, which means that a new copyright claim accrues with each discrete infringement." <u>Id.</u> at 1330.

There is no disharmony in the case law that a plaintiff obtains a complete and present cause of action for infringement when an infringing act occurs.

A careful reading of the Supreme Court's and Eleventh Circuit's decisions applying the Copyright Act's statute of limitations reveals two different approaches, depending on the type of claim asserted. For garden variety infringement claims, a

claim accrues upon its occurrence, while for copyright ownership claims, they accrue once there is a bona fide dispute as to the existence of or claims in those rights. When a defendant acts in contravention of a plaintiff's rights by copying, distributing, or displaying protectable expression (the work), it is at that moment—and that moment only—that the plaintiff's claim accrues, thus triggering the running of the statute of limitations.

### C. Science Photo has not shown entitlement to equitable tolling to save its untimely claim because it cannot show extraordinary circumstances exist

Even though an infringement claim accrues at the moment of a defendant's violation of a § 106 right, sometimes a plaintiff may nevertheless bring an untimely suit where special circumstances exist that support a separate judge-made equitable doctrine of tolling. That doctrine "is the judicial power to promote equity, rather than to interpret and enforce statutory provisions." Cal. Pub. Employees' Ret. Sys. v. ANZ Sec., Inc., 137 S.Ct. 2042, 2051 (2017). Equitable tolling will lie where there are "extraordinary circumstance[s that ] prevent[ a plaintiff] from bringing a timely action." CTS Corp. v. Waldburger, 573 U.S. 1, 9-10 (2014) . However, those circumstances "must be 'extraordinary' before equitable tolling can be applied. Holland v. Florida, 560 U.S. 631, 652 (2010); see also Bagett v. Bullitt, 377 U.S. 360, 375 (1964) (characterizing the exercise of equity powers where "special circumstances" exist). Regardless, equitable tolling can only be applied *after* a claim has accrued; the doctrine does not inform when a claim is timely in the first instance according to the

text of a statutory limitations period.

The former Fifth Circuit correctly applied all of the foregoing infringement accrual analysis. In <u>Prather v. Neva Paperbacks,</u> 446 F.2d 338 (5th Cir. 1971),[1] the district court entered summary judgment for the defendant, finding the plaintiff's claim time-barred under the statute of limitations.[2] Affirming that decision, the record showed that "the last publication of the alleged infringing work occurred in June, 1964." <u>Id.</u> at 339. It rejected the plaintiff's argument that the state law "Blameless Ignorance rule" (much like the contemporary "discovery rule") should be applied. <u>Id.</u> Instead, it held that after the defendant shows that a claim is time barred by showing the alleged act of infringement occurred on a date certain, then "it is incumbent upon the plaintiff … to come forward and demonstrate that for some equitable reason the statute should be tolled." <u>Id.</u> at 340. Ultimately, the plaintiff failed to offer an adequate basis for equitable tolling, and the court rejected the plaintiff's argument that his claim was tolled because "he was ignorant" of the infringement. <u>Id.</u> The court also rejected the plaintiff's assertion that the defendants actively concealed the infringement. <u>Id.</u>

What <u>Prather</u> reveals is the correct limitations analysis: (1) an infringement claim accrues at the time the defendant violates the plaintiff's § 106 rights, and (2) if the plaintiff's suit is brought more than three years after that discrete act, then (3) the

---

[1] Adopted as the precedent of this Circuit by <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[2] <u>Prather</u> confronted a near-identical version of the Act's statute of limitations under the earlier 1909 Act, and was primarily concerned with whether a state-law based principle should be applied to a federal cause of action.

plaintiff must show some extraordinary basis to be entitled to equitable tolling. Both (1) and (2) are true here, while (3) is not and cannot be shown.

### D. All alleged volitional conduct of infringement occurred more than three years before Science Photo brought suit and Science Photo failed to allege extraordinary circumstances justifying equitable tolling

Applied here, the Copyright Act's statute of limitations shows that Science Photo's claim is time-barred. The pleading on its face reveals the existence of the statute of limitations defense entitling defendant Bell Performance to judgment as a matter of law.

This case concerns a singular image on a single website. Compl. [ECF 1]. Science Photo affirmatively alleges Bell Performance "published" the one image on one and only one date: January 18, 2019. Id. at ¶ 20. Science Photo brought suit on November 30, 2023. Id. The complaint alleges a singular event at a specific and singular point in time, and thus there is but a single reproduction, a single derivation, or a single display. 17 U.S.C. § 106.[3]  Consequently, the statute of limitations under § 507(b) ran not later than January 19, 2022,[4] but Science Photo did not bring suit until November 30, 2023, nearly two years too late.

This is not the first time a district court has been confronted with this kind of

---

[3] Only those rights enumerated under § 106 constitute infringement; "publication" or "use" are not infringements as such. And despite AAP's alleging defendant "distributed" "the Work", [ECF 1 at ¶¶ 28 and 29], distribution is inapplicable absent some allegation that it was a "sale or other transfer of ownership, or by rental, lease or lending," 17 U.S.C. § 106(3). AAP and its counsel misunderstand the Copyright Act.
[4] Incidentally,

fact pattern. In <u>Wolf v. Travolta</u>, 167 F.Supp.3d 1077 (C.D. Cal. 2016), a plaintiff brought suit for copyright infringement. <u>Id.</u> She alleged that she was not aware of the defendants' infringement until November 25, 2012. <u>Id.</u> at 1093. And she then filed suit on February 6, 2014. <u>Id.</u> at 1082. However, the evidence showed that "the allegedly infringing program service guide was published on the Inclusion Films website in or about April 2010, 'where it remained without substantial revisions until it was removed in response to this litigation.'" <u>Id.</u> at 1099. The court held that "[t]he fact that the allegedly infringing document—published in 2010, outside the relevant three-year window—remained on defendant's website through 2014 does not give rise to a discrete claim accruing within the three-year window." <u>Id.</u> at 1099 n.13. The <u>Wolf</u> court concluded that the separate-accrual rule under § 507, together with <u>Petrella</u> and <u>Klehr</u>, meant that the violation (infringement) of uploading (copying) the document to the defendant's website was complete, even if ongoing, more than three years before Wolf brought suit. <u>Id.</u> The result reached in <u>Wolf</u>, as supported by <u>Petrella</u> and <u>Klehr</u>, obtains here.

And this district has applied the Copyright Act's statute of limitations consistently, finding claims, such as Science Photo's here, barred. <u>Oppenheimer v. Palange</u>, no. 23-cv-20507 (S.D. Fla. Dec. 24, 2023) (holding that "claims based on acts of infringement that occurred before [three years prior to suit] would be timer-barred" and dismissing some claims with prejudice pursuant to § 507(b)) (Gayles, J.). This case is untimely and it should be dismissed with prejudice.

**CONCLUSION**

Science Photo's singular copyright infringement claim is untimely according to its own allegations squarely placing defendant's conduct in January 2019. Because the Copyright Act provides a 3-year period of limitations in which to bring an infringement claim, Science Photo needed to file suit before February 2022. It did not. Bell Performance, having long ago removed the subject image is entitled to be free of that stale claim and spare this Court of needless litigation seeking extortionate sums for a stock image used to add marginal visual appeal to a website, particularly where there are substitutes in the marketplace for $10.[5]

**WHEREFORE**, defendant Bell Performance Inc. requests the Court (a) grant this motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c); (b) enter judgment for defendant Bell Performance Inc. and against plaintiff Affordable Aerial Photography, Inc.; and (c) grant such further relief as the Court deems just and proper.

   /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*

---

[5]   E.g.,   https://www.istockphoto.com/photo/bacteria-lactobacillus-in-human-intestine-gm1338810289-419287996

## CERTIFICATE OF COUNSEL

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. The conferral on the matters raised in this motion were discussed during the parties' conferral on February 1, 2024.

___/s/ Griffin Klema_____
Griffin C. Klema, Esq.
