**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No. 6:23-cv-02302-PGB-LHP**

SCIENCE PHOTO LIBRARY LTD.,

Plaintiff,

v.

BELL PERFORMANCE, INC.
a Florida corporation,

Defendant.

---

**DEFENDANT'S TIME-SENSITIVE MOTION TO STAY**

Defendant, Bell Performance, Inc., by and through its attorney, Griffin Klema, Esq., and pursuant to the Court's inherent authority to stay the proceedings, moves on an expedited basis pursuant to Local Rule 3.01(e), for a stay of these proceedings until its motion for judgment on the pleadings [ECF 23] is decided or alternatively until the Supreme Court and Eleventh Circuit enter potentially controlling opinions.

Bell Performance seeks a ruling on this time-sensitive motion sufficiently in advance of March 6, 2024, the deadline for its response to extensive discovery served by plaintiff Science Photo Library Ltd. ("Science Photo"). Bell Performance therefore requests that Science Photo respond to this motion in expedited fashion so that the Court may rule on it prior to defendant's needless expenditure of discovery effort on a time-barred claim.

## PROCEDURAL HISTORY

Science Photo Library Ltd ("Science Photo") originally brought a 1-count complaint for copyright infringement on November 30, 2023, against Bell Performance Inc. ("Bell Performance"). [ECF 1]. Bell Performance answered, asserted a number of defenses, [ECF 15], and then moved for judgment on the pleadings pursuant to the Copyright Act's statute of limitations, 17 U.S.C. § 507(b), [ECF 23]. Bell Performance now moves for a stay of these proceedings pending this Court's decision on that motion or, alternatively, until the Supreme Court decides a potentially authoritative (and almost certainly persuasive) decision in Nealy v. Warner Chappell Music, Inc., no. 22-1078 (Sept. 29, 2023), and/or until the Eleventh Circuit decides two related appeals directly relating to the Act's statute of limitations as applied to infringement claims, Affordable Aerial Photography Inc. v. Trends Realty USA Corp., no. 23-11662 (11th Cir.) and Affordable Aerial Photography Inc. v. Property Matters USA, LLC, no. 23-12563 (11th Cir.).

On February 5, 2024, Science Photo served extensive written discovery on Bell Performance, including 17 interrogatories, 39 requests for admission, and 31 requests for production. Many of these are objectionable, and the deadline for Bell Performance's response is March 6, 2024.

Science Photo's counsel, CopyCat Legal, is a well-known copyright trolling law firm, and while this is Science Photo's first lawsuit, it is, like CopyCat Legal's other clients, also engaging in copyright trolling by using this untimely litigation as a means to drive up defendant's settlement offer and which is wholly disconnected from justice

and objective market value of the asserted work. In particular, Science Photo first demanded $3,000 in settlement through Global Rights Management, LLC, but then suddenly demanded $30,000 when CopyCat Legal began its representation (and it now demands $150,000 in damages for its $10 photo).

Given the extensive discovery and clear statute of limitations defense on the face of the amended complaint, Bell Performance seeks an expedited ruling on this motion to stay so that the case-dispositive motion for judgment on the pleadings may be decided without putting Bell Performances to the expense of continuing to litigate a clearly time-barred claim.

**STANDARD FOR GRANTING A STAY**

A district court has discretion to stay proceedings before it as a power "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). It "is not questioned" that a district court has "inherent discretionary authority … to stay litigation pending the outcome of related proceeding in another forum." CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982). A proceeding can be stayed to "promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." Lopez v. Miami-Dade Cnty., 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015).

"A variety of circumstances may justify a district court stay pending resolution of a related case in another court." Ortega Trujillo v. Conover & Co. Commc'ns, Inc.,

221 F.3d 1262, 1264 (11th Cir. 2000).

Among those reasons is a case pending before the U.S. Supreme Court that may have dispositive effects on the instant action. Lopez, 145 F. Supp. 3d at 1207-08 (granting stay "because (i) a stay is warranted to avoid unnecessary expenditures of time and resources, (ii) a stay will not prejudice Plaintiff since a decision is expected within the year, and (iii) there is a public interest in judicial economy and efficiency"). Such a stay is not "immoderate." Cf. id.

Another reason, "at least a good one, if not an excellent one [is] to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case." Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009); see also Simpson v. J.G. Wentworth Co., no. 8:23-cv-152 (M.D. Fla. Apr. 2023) (*sua sponte* ordering stay pending *en banc* decision in Eleventh Circuit).

Separately, failing to rule on an early dispositive motion on a "dubious claim" can be an abuse of discretion. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1369 (11th Cir. 1997). At a minimum, a court should "'take a preliminary peek' at the merits of [a dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." Feldman v. Flood, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997).

## ARGUMENT

### A. A stay is appropriate here, where a dispositive motion for judgment on the pleadings has been filed and a Supreme Court decision expected within a few months will affect the merits.

Bell Performance's motion for judgment on the pleadings [ECF 23] raises a threshold and dispositive issue of the timeliness of Science Photo's singular infringement claim, which would end this case if granted.

Current Supreme Court and Eleventh Circuit law strongly indicates that an ordinary infringement claim accrues at the moment of the alleged copying, and thus the Copyright Act's 3-year statute of limitations, 17 U.S.C. § 507(b), begins running upon the occurrence of an allegedly infringing act. While Bell Performance's argument is that the statute's text is clear and case law applying it in this circuit and the Supreme Court shows it embodies injury-accrual, to the extent the Court believes there is an "uncertain legal environment" then staying the case will allow it "to avoid issuing a dispositive [o]rder in the midst of" that environment. Jacobs v. Ocwen Loan Servicing, LLC, No. 16-62318-Civ-Scola, 2017 WL 1733855 (S.D. Fla. April 14, 2017).

Crucially, the Supreme Court has granted a petition for writ of certiorari to review the decision in Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325 (11th Cir. 2023), where the high court will address "[w]hether, under the discovery accrual rule applied by the circuit courts and the Copyright Act's statute of limitations for civil actions, 17 U.S.C. §507(b), a copyright plaintiff can recover damages for acts that allegedly occurred more than three years before the filing of a lawsuit." Warner Chappell Music, Inc. v. Nealy, no. 22-1078 (Sept. 29, 2023). Oral argument took place

today, February 21, 2024. In addition to the parties' briefing, a dozen amici have filed briefs. An opinion will be issued by the end of June, and likely sooner.

Given the scope of the Supreme Court's certiorari grant in Warner Chappell, the decision there has a high probability of being dispositive of Science Photo's claim here, either as a direct result of the scope of damages available or as to its claim's timeliness altogether. That decision, just a few months away, has at a significant likelihood of informing how this Court should rule even if not authoritative on the present issue.

A potential delay of a few months will not prejudice Science Photo, as no further damages are occurring. The allegedly offending image was long ago removed in its entirety and Science Photo does not even allege a continuing harm. Entering a stay would also not be an abuse of discretion because a stay, pending ruling on Bell Performance's 12(c) motion or the forthcoming opinion in Warner Chappell, might prevent unnecessary litigation costs—costs that could be significant for Bell Performance to show that Science Photo's actual damages are low, that Science Photo habitually extorts settlements in abusive fashion, that Science Photo's certificate is invalid, and more.

Apart from Warner Chappell, a separate, more direct petition before the Supreme Court confronts the Copyright Act's statute of limitations. In Hearst Newspapers, L.L.C. v. Martinelli, no. 23-474, the Supreme Court, on its own initiative, requested a response from Martinelli, thus showing the court's keen awareness of the importance of this issue and the possibly direct injury-vs-discovery

rule it can take up in that separate petition. As the Reply of the petitioner Hearst Newspapers made clear, its petition is potentially related to the Warner Chappell case, but acknowledging that Warner Chappell may itself decide the issue, and therefore urged the court to hold its petition until that case is decided. See Reply, Hearst Newspapers, no. 23-474 (Jan. 30, 2024). Oral argument before the high court today further indicated a high likelihood it will grant certiorari in Martinelli as well. If that occurs, then that case also would be authoritative of the limitations issue here, apart from two Eleventh Circuit appeals that directly raise the issue.

**B. A stay is also appropriate due to pending Eleventh Circuit appeals that will be decisive of whether Science Photo's claim is timely or not**

Separate from pending Supreme Court proceedings, there are two Eleventh Circuit appeals which directly confront the Copyright Act statute of limitations for ordinary infringement claims. Both Affordable Aerial Photography Inc. v. Trends Realty USA Corp., no. 23-11662 (11th Cir.) and Affordable Aerial Photography Inc. v. Property Matters USA, LLC, no. 23-12563 (11th Cir.) present the same issue respecting when an infringement claim accrues for purposes of the statute of limitations. Given the circuit's dicta in its recent decision in Nealy v. Warner Chappell, 60 F.4th 1325 (11th Cir. 2023), and repeated citation therein to Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014), foreshadows how it is likely to rule and that it views ordinary infringement claims as injury-based accrual. Briefing in the Affordable Aerial Photography appeals is complete, and oral argument is set in one for June 10, 2024, and expected to be set shortly in the other. Notably, counsel for both

parties here are counsel for one of those appeals. Thus even if Warner Chappell does not directly resolve the claim accrual question, the Eleventh Circuit decisions will. That alone is what the Eleventh Circuit has held is an "excellent" reason for staying district court proceedings. Miccosukee Tribe, 559 F.3d at 1198.

Entering a stay would be neither immodest nor an abuse of discretion because a stay, pending ruling on Bell Performance's 12(c) motion or the forthcoming opinion in Warner Chappell, or the related decisions in Affordable Aerial Photography, might prevent unnecessary litigation costs—costs that could be significant for Bell Performance to show that Science Photo's actual damages are low, that Science Photo seeks extortionate settlements in abusive fashion, that Science Photo's certificate is invalid, and more. Given the volume and breadth of the information at issue, the parties and the Court will benefit from the Court's decision on the threshold statute of limitations issue.

Here, the proceedings are at an early stage, and there is significant litigation pressure that Science Photo has and will continue to leverage to drive up Bell Performance's cost of defense, all with the calculated and expected goal that Bell Performance will offer more money to Science Photo rather than continue paying to defend a baseless claim. But Bell Performance, unlike other targets of such abuse, intends to stand on its rights, just as the Supreme Court has encouraged defendants to do. Kirtsaeng v. John Wiley & Sons, Inc., 568 U.S. 519 (2016) (the Copyright Act's fee-shifting provision, § 505, "encourages parties with strong legal positions to stand on the rights and deters those with weak ones from proceeding with litigation").

Finally, the Court should also take note of Science Photo's new business model as a copyright troll, being represented by CopyCat Legal. CopyCat Legal does not deny its own trolling business: it filed 150 copyright infringement actions last year alone, Harrington v. Island Villa Rental Properties Inc., no. 23-cv-10080 (S.D. Fla. Feb. 19, 2024),[1] with a staff believed to be only four attorneys. In a number of other CopyCat Legal's cases, district courts have refused to dismiss trolling claims another of their clients. E.g., Harrington v. 360 ABQ, LLC, no. 22-cv-00063 (D.N.M. May 18, 2022). That case and hundreds more across the nation by various of its trolling clients continue to be litigated improperly and aggressively by CopyCat Legal. As the Seventh Circuit has acknowledged, such practices are quintessential trolling and a disservice to justice. Live Face on Web, LLC v. Cremation Soc'y of Ill., 77 F.4th 630, 635 (7th Cir. 2023) ("this suit bears all the hallmarks of a copyright troll at work").

In addition to its admitted trolling business model, a judge in the Southern District of Florida recently admonished CopyCat Legal for those practices. Affordable Aerial Photography, Inc. v. Ditommaso, no. 9:22-cv-80030 at * (S.D. Fla. Nov. 9, 2023) (observing CopyCat Legal and its client's "conduct [was] unbecoming of a forthright litigant in federal court and the omission [of factual context] borders on deceitful").[2]

---

[1] Available at https://storage.courtlistener.com/recap/gov.uscourts.flsd.654477/gov.uscourts.flsd.654477.27.0.pdf

[2] Available at https://storage.courtlistener.com/recap/gov.uscourts.flsd.606133/gov.uscourts.flsd.606133.55.0.pdf

Consistent with CopyCat Legal's approach elsewhere, defendant anticipates that plaintiff's response here may be similarly filled with *ad hominem* attacks on the undersigned counsel, e.g., Reply [ECF 27], Harrington v. Island Villa Rental Properties Inc., no. 23-cv-10080 (S.D. Fla. Feb. 19, 2024) (in which CopyCat Legal admitted to a Rule 11 violation), rather than objective, demonstrable facts based on verifiable conduct and dispassionately applied to the law. Such rhetoric should not be tolerated. Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1127-28 (2d Cir. 1989) (sanctioning overaggressive copyright plaintiff lawyer for "tactics [that] make a farce and mockery of the entire briefing and legal memorandum process"); see also Liebowitz v. Bandshell Artist Mgmt., 6 F.4th 267 (2d Cir. 2021) (affirming sanctions against copyright troll lawyer for their misconduct in many trolling cases).

Science Photo's and CopyCat Legal's conduct should give this Court pause, and provide a basis for a pause in the litigation, too.

## CONCLUSION

**WHEREFORE**, defendant Bell Performance Inc. requests the Court

(a) order plaintiff Science Photo Library Ltd. to respond to this motion in expedited fashion;

(b) grant this motion on a similarly expedited basis in advance of March 6, 2024, to avoid mounting discovery and other burdens to Bell Performance;

(c) stay these proceedings until Bell Performance's motion for judgment on the pleadings is decided or alternatively until the Supreme Court issues its opinion in Warner Chappell and/or the Eleventh Circuit disposes of the two Affordable Aerial

Photography appeals; and

(d) grant such further relief as the Court deems just and proper.

/s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381¶
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*

## CERTIFICATE OF COUNSEL

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

/s/ Griffin Klema
Griffin C. Klema, Esq.