UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 6:23-cv-02302-PGB-LHP

SCIENCE PHOTO LIBRARY LTD.,

    Plaintiff,

v.

BELL PERFORMANCE, INC.
a Florida corporation,

    Defendant.

## STATUS REPORT

Defendant, Bell Performance, Inc., pursuant to the Court's order requiring a written status report every thirty days from the date of the stay order [DE 28], hereby advises that the Supreme Court issued its opinion in Warner Chappell Music, Inc. v. Nealy, no. 22-1078, 601 U.S. __ , 2024 WL 2061137 (U.S. May 9, 2024), a copy of which is attached hereto.

    **I.**    **Procedural History**

In this copyright trolling case, plaintiff Science Photo Library Ltd. ("Photo Library") demands $150,000 for alleged copyright infringement of a photograph on a website, [DE 1], despite the image having an objective market value of $10. Defendant Bell Performance, Inc. ("Bell Performance") answered, [DE 15], moved for judgment on the pleadings, [DE 23], and simultaneously moved for a stay, [DE 25], arguing Warner Chappell and Hearst Newspapers, L.L.C. v. Martinelli in the Supreme Court

and <u>Affordable Aerial Photography Inc. v. Property Matters USA LLC</u>, no. 23-12563, in the Eleventh Circuit—were all potentially dispositive of the issue presented in Bell Performance's Rule 12(c) motion concerning the Copyright Act statute of limitations.

By order, the Court invited Photo Library to respond to the stay motion by February 29, 2024. [DE 27]. Photo Library did not, and the Court then stayed this case. [DE 28]. On May 9, 2024, the Supreme Court handed down it decision in <u>Warner Chappell</u>. As for <u>Martinelli</u>, the Court relisted it for conference on May 16, 2024, and subsequently denied the petition on May 20, 2024.

## II. The <u>Warner Chappell</u> Decision

Despite pressure from the parties and fifteen amici to decide whether the Copyright Act tolerates a discovery accrual rule, the Supreme Court did not decide that threshold issue, and in <u>Warner Chappell</u> held only that the Copyright Act did not place a temporal limitation on damages.

Writing for the majority, Justice Kagan contrasted the injury-occurrence rule (and citing <u>Petrella v. Metro-Goldwyn-Mayer, Inc.</u>, 572 U.S. 663 (2014)) with that of the "alternative view" and "so-called discovery rule" which she characterized as an "assumption" in the question it answered. The court highlighted that "Warner Chappell accepted that the discovery rule governed." Consequently, the court "confined [its] review to [the] disputed remedial issue, excluding consideration of the discovery rule."

Justices Gorsuch, Thomas, and Alito dissented, making clear that they would have dismissed the petition as improvidently granted to "await[] another [case]

squarely presenting the question whether the Copyright Act authorizes the discovery rule." Citing Rotkiske v. Klemm, 589 U.S. 8 (2019) and TRW Inc. v. Andrews, 534 U.S. 19 (2001), they believe the Act "almost certainly does not tolerate a discovery rule" and lamented that the court should not "play along with these particular parties and expound on the details of a rule of law that they may assume but very likely does not exist."

Regardless of the narrow decision, Warner Chappell supports Bell Performance's argument for dismissal given the majority's citation to Petrella for the injury-accrual rule and its subtly-disparaging characterization of the discovery rule as an "alternative view." The three dissenters foreshadow the Court's likely position on the issue when the proper case arrives there.

Even aside from Warner Chappell, the continued pendency of the appeal in Property Matters in the Eleventh Circuit supports Bell Performance's position that the stay should be maintained, with the decision there having the greatest likelihood of controlling the issue here and which will be argued about two weeks from now on June 19, 2024. Alternatively, the stay could be maintained and Photo Library ordered to respond to Bell Performance's Rule 12(c) motion so that briefing is substantially completed when the decision in Property Matters occurs, and the Court could then order limited supplemental briefing if it so desired.

    /s/ Griffin Klema  
Griffin C. Klema, Esq.  
Fla. Bar No. 100279

Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*