IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:23-cv-02302-PGB-LHP

SCIENCE PHOTO LIBRARY LIMITED,

    Plaintiff,

v.

BELL PERFORMANCE, INC.,

    Defendant.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO 17 U.S.C. § 507(b)

Plaintiff Science Photo Library Limited ("Plaintiff") hereby files this memorandum in opposition to defendant Bell Performance, Inc.'s ("Defendant") Motion for Judgment on the Pleadings Pursuant to 17 U.S.C. § 507(b) (the "Motion") [D.E. 23].

## INTRODUCTION

The Motion is the latest attempt by Defendant's counsel (Griffin Klema, Esq.) to invite a court to *change* the law in this Circuit (and every other Circuit) with respect to claim accrual under the Copyright Act.  Here, the Motion puts forward Mr. Klema's statutory interpretation of the Copyright Act and legal authority pertaining to other statutes to argue that an "injury" rule applies to claim accrual (i.e., claims are not timely unless brought within 3 years from the date of the infringement) rather than a "discovery" rule (i.e., claims are not timely unless brought within 3 years of plaintiff's discovery or 3 years of when the plaintiff 'should' have discovered the infringement).  While it is certainly Mr. Klema's prerogative to take up the role of the injury-accrual rule champion, the Motion inexplicably fails to disclose to the Court an inordinate amount

of case law providing that the discovery rule applies to determining the statute of limitations in a copyright claim. That said, the Complaint, on its face, alleges a claim for copyright infringement that was filed well within the statute of limitations. As such, the Motion should unequivocally be denied.

## BACKGROUND

1. On November 30, 2023, Plaintiff filed its Complaint against Defendant for one count of copyright infringement. See D.E. 1.

2. The Complaint alleges that, on January 18, 2019, Defendant displayed and/or published on its website the photograph at issue in this lawsuit. See D.E. 1, at ¶ 20.

3. The Complaint further alleges that, "[t]hrough its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in July 2022." See D.E. 1, at ¶ 25.

4. On January 30, 2024, Defendant filed its Answer and Affirmative Defenses. See D.E. 15.

5. On February 21, 2024, Defendant filed the Motion. See D.E. 23.

## ARGUMENT

**I.  Legal Standard**

"'After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." 10 Minute Fitness Inc. v. Amentum Servs., No. 21-23861-CIV-MARTINEZ-BECERRA, 2023 U.S. Dist. LEXIS 136903, at * 5 (S.D. Fla. June 26, 2023) (quoting Fed. R. Civ. P. 12(c)). "This Court may grant a motion for judgment on the pleadings where 'no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts.'" Id. at *5–6 (quoting

Cunningham v. Dist. Attn'y's Office for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010)). "Pleadings include the complaint and answer. Written instruments that are exhibits to a pleading are considered a part of the pleading." Pyure Brands, LLC v. Nascent Health Sci. LLC, No. 1:18-cv-23357, 2019 U.S. Dist. LEXIS 227496, at *2 (S.D. Fla. Mar. 4, 2019) (citing Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 10(c)).

"A Rule 12(c) motion for a judgment on the pleadings is guided by the same principles established to resolve a Rule 12(b)(6) motion to dismiss for failure to state a claim." King v. Akima Glob. Services, LLC, Case No. 16-25254-Martinez, 2018 U.S. Dist. LEXIS 229861, 2018 WL 9837836, *2 (S.D. Fla. July 25, 2018) (citing Paradise Divers, Inc. v. Upmal, 402 F.3d 1087, 1089 (11th Cir. 2005)). "In reviewing a motion for judgment on the pleadings, the factual allegations of the non-moving party are assumed to be true and all reasonable inferences are drawn in that party's favor." Gubarev v. BuzzFeed, Inc., No. 1:17-cv-60426-UU, 2018 U.S. Dist. LEXIS 97246, at *7 (S.D. Fla. June 5, 2018) (referencing Hawthorne v. MAC Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "Indeed, [t]he main difference between the motions is that a motion for judgment on the pleadings is made after an answer and that answer may also be considered in deciding the motion." 10 Minute Fitness Inc., No. 21-23861-CIV-MARTINEZ-BECERRA, 2023 U.S. Dist. LEXIS 136903, at *6 (internal citations and quotations omitted).

**II.     The Complaint States a Valid Claim For Which Relief Can Be Granted**

The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)]... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). "Copyright infringement has two elements: (1) ownership of a valid copyright, and (2) copying of

protectable elements." Home Design Servs., Inc. v. Turner Heritage Homes Inc., 825 F.3d 1314, 1320 (11th Cir. 2016).

In looking at the allegations in the Complaint, and the Exhibits to the Complaint, the Court must accept as true that Plaintiff owns the photograph at issue and that Defendant copied/displayed the photograph on its website. Thus, pursuant to the standard applied to a 12(c) Motion, Plaintiff has adequately stated a claim for copyright infringement.

Accordingly, the only 'question' that remains – at least in Defendant's eyes – is whether Plaintiff's claim is time barred. The simple answer, while seemingly buried in the Motion, is no. Plaintiff timely filed its claim. This is because the overwhelming majority of case law on the subject (all of which is curiously absent from the Motion) provides that a discovery rule applies to claim accrual of copyright infringement actions– i.e., when the copyright holder knew or should have known that the infringement occurred. Here, Plaintiff alleged that it first discovered the infringement in July 2022.  Taking this fact as true, the statute of limitations to bring this claim does not run until July 2025. Plaintiff filed this lawsuit on November 30, 2023 [D.E. 1], which is well within the statute of limitations.

**III.  Plaintiff's Claim is Not Time-Barred**

While Defendant's attempt to prove that the statute of limitations is an injury-accrual rule is impressive, Defendant is plainly incorrect.  Although Defendant suggest that a claim accrues when the injury occurs, almost every court in this Circuit has held differently.  See, e.g. Tomelleri v. Natale, 2022 U.S. Dist. LEXIS 65893, at *6-7 (S.D. Fla. Feb. 18, 2022) ("To date, neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for "accrual" applies in copyright infringement claims.  However, the Southern District of Florida has consistently applied the discovery rule, which provides that a copyright infringement claim accrues when

plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement."); Athos Overseas, Ltd. v. YouTube, Inc., No. 1:21-cv-21698-GAYLES/TORRES, 2022 U.S. Dist. LEXIS 57302, at *11 (S.D. Fla. Mar. 29, 2022) ("Therefore, based on the Complaint, Plaintiff's copyright infringement cause of action began accruing as early as 2015 when Plaintiff knew or should have known of the alleged infringement."); Music v. Atl. Recording Corp., No. 1:18-cv-25474-RAR, 2021 U.S. Dist. LEXIS 43980, at *62 (S.D. Fla. Mar. 8, 2021) (applying discovery rule to copyright infringement claim); Wilson v. Kelly, No. 1:18-CV-05014-JPB, 2020 U.S. Dist. LEXIS 258889, at *16 (N.D. Ga. Mar. 5, 2020) (Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.' 17 U.S.C. § 507. '"The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement.'" (quoting Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1236 (11th Cir. 2002)); Johansen v. Modrak, No. 18-cv-63120, 2019 U.S. Dist. LEXIS 11185, at *4 (S.D. Fla. Jan. 23, 2019) ("The statute of limitations for a copyright infringement claim is three years. See 17 U.S.C. § 507(b). Plaintiff alleges that from November of 2000 until November of 2001 his wife was involved in litigation relating to a book contract for the book 'I Lisa Marie' and that the book was first printed in 1998. Because ***Plaintiff knew or should have known of the alleged copyright infringement at that time***, his claim is 16 years too late.") (emphasis added); On Top Records Corp. v. Sunflower Entm't Co., No. 1:15-cv-22664-UU, 2015 U.S. Dist. LEXIS 190973, at *7 (S.D. Fla. Oct. 28, 2015) ("A copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); Duncanson v. Wathen, No. 6:14-cv-704-Orl-40KRS, 2016 U.S. Dist. LEXIS 183674, at *6 (M.D. Fla. Apr. 14, 2016) (applying discovery rule to copyright infringement claim); Brandon v. Warner Bros Records, No. 15-22738-CIV, 2015 U.S.

Dist. LEXIS 190564, at *6 n.4 (S.D. Fla. Dec. 15, 2015) ("The majority of federal courts have concluded that a copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Intern. Corp., 998 F. Supp. 2d 1340, 1354-55 (S.D. Fla. 2014) ("Given the weight of authority supporting the discovery rule, and determining it to be the better practice, this Court applies the discovery rule to the instant case and finds that the statute of limitations period began to run when Plaintiff learned of or, in the exercise of reasonable diligence, should have learned of Defendant Arquitectonica's alleged infringement."); Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 101019, at *14 (S.D. Fla. Aug. 27, 2010) ("The discovery rule has been explicitly adopted by a majority of the Circuit Courts of Appeal as well as by the Middle District of Florida.") (collecting cases); Calhoun, 298 F.3d at 1236 (Birch, J., concurring) ("The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement."); Home Design Servs. v. Hibiscus Homes of Fla., Inc., No. 6:03-cv-1860-Orl-19KRS, 2005 U.S. Dist. LEXIS 32788, at *24 (M.D. Fla. Dec. 13, 2005) ("A copyright infringement claim accrues when a plaintiff learns, or should as a reasonable person have learned that the defendant was violating his rights.") (collecting cases).

Curiously, the Motion fails to cite this legal authority to the Court, opting instead to act as if the contrary holding is 'normalcy' within the Eleventh Circuit. It is not. Indeed, to undersigned counsel's knowledge, the 'injury' rule has only been recognized by a *single* decision by Judge Gayles in Oppenheimer v. Palange et al., Case No. 1:23-cv-20507-DPG. In that case, the parties lightly briefed the discovery vs. injury rule issue, and the court appears to have provided limited analysis of such (not citing or discussing any of the *dozens* of prior decisions from within the

Eleventh Circuit on the issue).

These cases are not an anomaly… the same analysis has been uniformly applied by the courts around the country. See, e.g., Starz Ent., LLC v. MGM Domestic TV Distribution, LLC, 39 F.4th 1236, 1237-38 (9th Cir. 2022):

> In 2014, the Supreme Court addressed the interplay between § 507(b) and the doctrine of laches, holding that laches does not bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 667-68, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014). ***Since then, defendants accused of copyright infringement have seized upon certain language in Petrella to argue that the Court also did away with the discovery rule. Most courts, including the district court here, have rejected that argument, reasoning that Petrella addressed only the availability of laches in cases where the copyright owner is seeking damages for infringing acts that occurred during the three-year window before a claim is filed***. Moreover, because Petrella noted, but did not pass upon, the discovery rule, any language in that opinion discussing relief beyond that window is dicta and did not affect the viability of the discovery rule. ***Because we agree with the district court that the discovery rule of accrual of copyright claims is alive and well, we affirm.***[1]

See also Am. Bd. of Internal Med. v. Rushford, 841 F. App'x 440, 441 (3d Cir. 2020) ("At issue in this case is whether the three-year statute of limitations for copyright infringement under 17 U.S.C. § 507(b) begins to run from the date of discovery or from the date of injury in circumstances where the plaintiff discovers the identity of the defendant within three years of the injury. The District Court held it begins to run as of the date of injury. For the reasons outlined below, we will reverse that judgment."); Graper v. Mid-Continent Cas. Co., 756 F.3d 388, 393 & n.5 (5th Cir. 2014) ("A claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based."); Stross v. Hearst Communs., Inc., No. SA-18-CV-

---

[1] Emphasis added.

01039-JKP, 2020 U.S. Dist. LEXIS 161293, at *21 – 22 (W.D. Tex. Sept. 3, 2020) (distinguishing Petrella and applying discovery rule to determine accrual of copyright infringement claim); Edwards v. Take Fo' Records, Inc., No. 19-12130, 2020 U.S. Dist. LEXIS 119246, at *41 n.16 (E.D. La. July 8, 2020) ("The Fifth Circuit applies the discovery rule to copyright infringement claims, notwithstanding the Supreme Court's express reservation of whether the discovery or injury rule applies to such claims."); Jordan v. Sony BMG Music Entm't Inc., 354 F. App'x 942, 945 (5th Cir. 2009) ("In this Circuit a copyright claim accrues when [the party] knew or had reason to know of the injury upon which the claim is based."); D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc., 516 F. Supp. 3d 121, 132 (D.N.H. 2021) ("Most courts—including the First Circuit—use the discovery rule rather than the injury rule for purposes of § 507(b).") (citing Warren Freedenfeld Assocs. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008)); Chelko v. Does JF Rest., LLC, No. 3:18-CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590, at *5 (W.D.N.C. July 22, 2019) ("In the Fourth Circuit, a claim accrues when a copyright holder 'has knowledge of a violation or is chargeable with such knowledge,' an approach known as the discovery rule.") (quoting Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 796 (4th Cir. 2001)).

      These courts have ***all*** held that a discovery rule applies (i.e., when a plaintiff discovered or, with reasonable diligence, should have discovered the infringement) to copyright infringement cases. Defendant gloss over this fact by citing to wholly-unrelated cases arising under completely different statutes/laws and positing that, for 20+ years, the courts of this Circuit and all other courts to consider the matter have simply misapplied the law. They have not. Indeed, as recently as 2020, the Eleventh Circuit was called upon to determine when a claim for copyright ownership (rather than infringement) accrues. In Webster v. Dean Guitars, 955 F.3d 1270, 1276 (11th Cir.

2020), the Eleventh Circuit clearly held that "an ownership claim accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights—as this approach is most consistent with our existing precedent." This is the *same* discovery rule that the courts of this Circuit have been applying for 20+ years to infringement claims, and Defendant cites nothing to suggest that dozens of courts (including this Court itself) are somehow incorrect on the point.

17 U.S.C. § 507 does not differentiate between ownership and infringement claims. Rather, it plainly states that "*[n]o civil action* shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."[2] The Eleventh Circuit – in both Nealy and Webster – held that accrual under § 507 was measured by a discovery rule with respect to copyright ownership claims. Nearly every federal court to address the issue has applied a discovery rule with respect to accrual of copyright claims, and it would be nonsensical to somehow read a different claim accrual rule with respect to ownership vs. infringement claims. Indeed, even Sohm v. Scholastic Inc., 959 F.3d 39 (2d Cir. 2020) – while reaching a contrary conclusion on the lookback period for damages – recognized that the discovery rule applies to claim accrual under the Copyright Act and that Petrella v. MGM, 572 U.S. 663 (2014) did not change this conclusion.

For Defendant to posit that every Circuit and district court to address the issue is simply wrong because Mr. Klema (through his client) says so frankly strains credulity. Taking the allegations of the Complaint as true (as the Court must do at this stage), there is no basis for dismissal given that Plaintiff has plainly alleged that, through Plaintiff's ongoing diligent effort to

---

[2] Emphasis added.

identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work well within the applicable statute of limitations.

"Copyright owners do not have a general duty to police their copyrights." PK Music Performance, Inc. v. Timberlake, No. 16-CV-1215 (VSB), 2018 U.S. Dist. LEXIS 169652, at *23 (S.D.N.Y. Sep. 30, 2018). In PK Music Performance, Inc., the defendant sought dismissal of a copyright infringement claim on the basis that the plaintiff should have discovered its alleged infringement no later than 2007 – yet the plaintiff alleged it did not discover such until 2015 (some 8 years later). Here, the Motion does not cite any 'storm warnings' or frankly *any* facts – other than the publication date of the article – suggesting that Plaintiff somehow 'should have' discovered Defendant's infringement on an earlier date. But Defendant fails to provide any explanation as to *why* Plaintiff should have discovered the infringement on an earlier date – Defendant points to no facts suggesting that Plaintiffs were somehow notified of the infringement (e.g., being 'tagged' in a social media post, being sent a copy of the article via e-mail, etc.) and ignored such notice.

Given that there is an estimated 1 billion websites with a new website being created every 3 seconds,[3] it is difficult to imagine how Plaintiff 'should have' discovered the subject infringement based solely on time alone. But that is precisely the argument proffered by the Motion – Plaintiff must have been able to discover this infringement earlier (but apparently chose to ignore such discovery). Of course, Defendant does not explain how/why Plaintiff was capable of discovering such infringement, whether any purported technology/reverse image searches would have discovered the infringement at an earlier date, etc. – nor could Defendant inject such

---

[3] See https://www.forbes.com/advisor/business/software/website-statistics/#:~:text=While%20there%20are%201.13%20billion,are%20actively%20maintained%20and%20visited; https://siteefy.com/how-many-websites-are-there/; https://www.internetlivestats.com/total-number-of-websites/.

matters at the motion to dismiss stage as the Court is limited to the 4 corners of the Complaint.

Notably, PK Music Performance, Inc. is not an anomaly – every court to consider the issue has held that a copyright owner is not required to scour the internet/search for potential infringements of his/her work. See, e.g. Parisienne v. Scripps Media, Inc., 2021 U.S. Dist. LEXIS 154960, at *12 (S.D.N.Y. Aug. 17, 2021) ("Parisienne does not have a general duty to police the internet for infringements of his Photographs. Nor has Scripps provided sufficient evidence or explanation for how Parisienne should have known about the alleged infringement, or been put on inquiry notice, between March 15, 2016 and September 21, 2016, when he retained counsel. Thus, the Court cannot dismiss Parisienne's copyright infringement claim as time barred.") (internal citations omitted); Fioranelli v. CBS Broad. Inc., 551 F. Supp. 3d 199, 251 (S.D.N.Y. 2021) ("I reject Defendants' argument that because the allegedly infringing works were published openly, Plaintiff had constructive notice.") (denying motion for summary judgment on basis that plaintiff 'should have' discovered infringement of its video footage earlier); Hirsch v. Rehs Galleries, Inc., No. 18-CV-11864 (VSB), 2020 U.S. Dist. LEXIS 32926, at *3 (S.D.N.Y. Feb. 26, 2020) (denying motion to dismiss photographer's copyright infringement claim on asserted basis that photographer 'should have' discovered the infringement earlier); Minden Pictures, Inc. v. Conversation Prints, LLC, No. 20-12542, 2022 U.S. Dist. LEXIS 179602, at *9 (E.D. Mich. Sep. 30, 2022) ("Copyright holders do not have a general duty to scour or police the internet to determine if their work has been infringed. The discovery rule has been met by Plaintiff since it discovered the infringement in 2019."); Frerck v. John Wiley & Sons, Inc., No. 11-cv-2727, 2014 U.S. Dist. LEXIS 95099, at *23 (N.D. Ill. July 14, 2014) ("Defendant claims that Plaintiff should have seen articles generally describing textbook publishers' copyright infringements of photographers' images and that such articles constitute 'storm warnings' triggering a duty to

investigate Defendant's use of his work…. [A]n article identifying an issue in the publishing industry generally did not obligate Plaintiff to go through 19 years of licenses to preserve his copyright infringement claims.  If that were the expectation, then stock photo agencies and photographers likely would spend more money monitoring their licenses than they receive from issuing licenses."); Design Basics, LLC v. Chelsea Lumber Co., 977 F. Supp. 2d 714, 725 (E.D. Mich. 2013) ("The Court… rejects Defendants' argument that Plaintiff was under a continuous duty to police its copyright and concludes that Defendants have not pointed to evidence of any storm warnings that would reasonably have put Plaintiff on inquiry notice of the claimed infringement more than three years prior to filing suit.").  Thus, Defendant's fallback argument – that Plaintiff's claim fails even if the discovery rule is applied – does not hold water.

**IV.     The Supreme Court's Rulings in Warner Chappell and Hearst**

As the Court knows, this action was stayed at Defendant's request pending the Supreme Court's ruling in Warner Chappell Music, Inc. et al. v. Nealy.  On May 9, 2024, the Supreme Court issued its decision in Warner Chappell Music, Inc. v. Nealy.  See 144 S. Ct. 1135 (2024).  Contrary to Defendant's prognostication, the Supreme Court ***did not address*** the issue of whether the discovery rule or injury rule applies to claim accrual under the Copyright Act.  Rather, the Supreme Court affirmed the Eleventh Circuit's holding that there is no damages 'lookback' period applicable under the Copyright Act (meaning a plaintiff may recover damages dating back to the beginning of the infringement, regardless of whether such infringement occurred more than 3 years prior to suit being filed).

Approximately 2 weeks later, the Supreme Court denied a petition for writ of certiorari in Hearst Newspapers, L.L.C. et al. v. Martinelli.  There, the petition presented the 'discovery rule' question directly to the Supreme Court (the Fifth Circuit held that the discovery rule applies).  On

May 20, 2024, the Supreme Court denied the petition for writ of certiorari. See 2024 U.S. LEXIS 2218 (May 20, 2024). The Court can certainly make its own conclusions regarding the denial of the petition for certiorari in Hearst Newspapers, L.L.C., but the point remains that the Supreme Court seems uninterested in disturbing the (thus far) uniform application of the discovery rule amongst the federal appellate courts. And while Defendant would invite this Court to go against the grain based on its own counsel's statutory interpretation, Plaintiff respectfully suggests that the 10 federal appellate courts to address the issue and dozens of federal district courts to do the same are somewhat more qualified to interpret the Copyright Act than Defendant's counsel. There is no reason to depart from the consistent interpretation of the Copyright Act holding that the discovery rule applies.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion and (b) for such further relief as the Court deems proper.

Dated: July 5, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
   Daniel DeSouza, Esq.
   Florida Bar No.: 19291

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

<u>/s/ Daniel DeSouza</u>

Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228