UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 6:23-cv-02302-PGB-LHP

SCIENCE PHOTO LIBRARY LTD.,

    Plaintiff,

v.

BELL PERFORMANCE, INC.
a Florida corporation,

    Defendant.

---

### DEFENDANT'S MOTION TO CERTIFY THE COURT'S ORDER [ECF 39] FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Defendant, Bell Performance, Inc., pursuant to 28 U.S.C. § 1292(b) and Local Rule 3.01, moves the Court to certify its interlocutory order denying defendant's motion for judgment on the pleadings [ECF 39] for immediate appeal.

### PROCEDURAL HISTORY

Science Photo Library Ltd. ("Science Photo") alleges a single count for copyright infringement against Bell Performance, Inc. ("Bell Performance"). [ECF 1]. Bell Performance answered, [ECF 15], and then moved for judgment on the pleadings pursuant to the Copyright Act's statute of limitations, 17 U.S.C. § 507(b), [ECF 23], as well as to stay the action pending the Supreme Court's decision in Warner Chappell Music Inc. v. Nealy, 144 S. Ct. 1135, 218 L. Ed. 2d 363, 2024 U.S. LEXIS 1978 (2024) and the Eleventh Circuit's decision in Affordable Aerial Photography Inc. v. Property Matters USA, LLC, no. 23-12563 (11th Cir.). After neither case reached the statute of

limitations issue, this Court lifted the stay, [ECF 35] and Science Photo filed its memorandum in opposition to defendant's Rule 12(c) motion, [ECF 38], which was then ripe for disposition.

The Court authored an opinion denying the motion and, despite recognizing the issue remains undecided in the Eleventh Circuit, applied the "discovery rule" of claim accrual to Science Photo's infringement action.

Bell Performance now moves the Court to certify its order pursuant to 28 U.S.C. § 1292(b) for an immediate interlocutory appeal to address the discrete legal question of which rule applies to claim accrual for ordinary infringement actions under the Copyright Act.

## STANDARD UNDER 28 U.S.C. § 1292(b)

A federal circuit court of appeal may obtain jurisdiction over an otherwise wholly interlocutory order pursuant to 28 U.S.C. § 1292(b), which provides that when a district judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." Thus, the statute sets forth three elements that must be present: (1) a controlling question of law, (2) a substantial ground for difference of opinion on that question, and (3) an appeal addressing the question will materially advance the ultimate termination of the litigation. Id.

The Eleventh Circuit, citing legislative history of § 1292(b), specifically identified a statute of limitations issue as a "good" question to "be reviewed before

final judgment" precisely because of their dispositive nature and which "might render unnecessary a lengthy trial." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1257 (11th Cir. 2004). This is an ideal case for immediate appeal on a question that has garnered substantial interest of all three levels of the federal courts with differing opinions about whether a discovery rule should apply to copyright infringement claim accrual.

## ARGUMENT

The Court's order provides a textbook example of the appropriateness of an immediate interlocutory appeal because a statute of limitations question not only has broad applicability across many cases, it is dispositive of the instant action. Here, the order directly confronted the competing injury versus discovery rules of claim accrual, unaccompanied by factual clutter. While the Court found the pleading satisfied the discovery rule, the antecedent, purely legal issue is whether that rule should apply *vel non*. All three elements provided for under section 1292(b) are present, and the Court should certify the issue—one that the Eleventh Circuit is likely, as it did in Warner Chappell, to accept for review.

### A. The order denying Bell Performance judgment on the pleadings decided a purely legal issue which is not dependent on any facts

The Court's order denying Bell Performance's motion for judgment on the pleadings turned on whether the Court should follow either the injury accrual rule or the discovery accrual rule for an ordinary copyright infringement claim. It cited Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325, 1330 (11th Cir. 2023), in recognition

of those two rules' competing status in federal jurisprudence. Order, [ECF 38 at 5]. Essentially, the question is one of statutory construction, and therefore purely legal. See TRW Inc. v. Andrews, 534 U.S. 19, 31-32 (2001) (characterizing the interpretation of "accrue" under the Fair Credit Reporting Act statute of limitations as a matter of statutory construction). Consequently, the meaning of "accrue" under the Copyright Act's statute of limitations is a question "stated at a high enough level of abstraction to lift [it] out of the details of the evidence or facts of [this] case and give it general relevance to other cases in" copyright suits. McFarlin, 381 F.3d at 1259.

A controlling question of law is also one that, if the district court's order were reversed, would terminate the action. Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990); see also McFarlin, 381 F.3d at 1259 ("resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation"). An issue of law has also been deemed controlling where, as would be the case here, "the certified issue has precedential value for a large number of cases." Klinghoffer, 921 F.2d at 24. A statute of limitations question is precisely such a question suitable for interlocutory appeal. McFarlin, 381 F.3d at 1257. The claim accrual issue is central to Bell Performance's Rule 12(c) motion and is controlling in this case because if the incident of injury rule applies, then the Court's order would be reversed and Bell Performance's motion would proceed on that rule and, as the pleadings make unequivocal, would necessarily dispose of the entirety of this action. Furthermore, establishing precedent on claim accrual for ordinary infringement actions under the Copyright Act would be generally relevant to many other

infringement cases brought within all the district courts of the Eleventh Circuit.

Accordingly, the Court's order embodies a pure legal issue satisfying the first element under section 1292(b).

**B. There is a substantial ground for difference of opinion on the rule chosen by the Court in disposing of the limitations issue**

To show a substantial ground for difference of opinion, a movant must demonstrate that the legal issue is either "(1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." Smiley v. Costco Wholesale Corp., No. 8:18-cv-2410, 2019 WL 4345783, at *2 (M.D. Fla. Sept. 12, 2019). Any one of those reasons suffices. Id. Here, the issue is one of first impression in the Eleventh Circuit. There are also district courts within the circuit that have decided the issue differently. Two of the three bases are thus present. And while there is no clear circuit split respecting the third (yet), jurists in both the trial and appellate levels of the federal courts have questioned whether one rule or the other should prevail, while the Supreme Court has intimated the injury rule should, and has outright overruled the discovery rule in other statutes of limitations. There are substantial grounds for difference of opinion on the matter.

Three justices of the Supreme Court went so far as to explain in extensive dicta in Warner Chappell Music v. Nealy that despite their desire to "await[] another [case] squarely presenting the question whether the Copyright Act authorizes the discovery rule," they strongly believe the Act "almost certainly does not tolerate a discovery rule." Warner Chappell, 144 S. Ct. at 1140. They lamented that the court should not

"play along with these particular parties and expound on the details of a rule of law that they may assume but very likely does not exist." Id. at 1140-41 (citing Rotkiske v. Klemm, 589 U.S. 8 (2019) and TRW Inc. v. Andrews, 534 U.S. 19 (2001)).

For its part, the majority opinion used subtle rhetorical cues casting doubt on the discovery rule, characterizing it as "so-called," an "assumption," and an "alternative view." Id. at 1138. The majority's further statement that such a rule would allow a plaintiff to pursue claims about "even very old infringements" further suggests doubt as to the rule's propriety. Id. In contrast to defendant Warner Chappell, which simply "accepted that the discovery rule governed" and "never challenged" the rule, id. at 1139, here, Bell Performance has not accepted it as governing the Science Photo's claim and has directly challenged its application to this non-ownership case.

With at least three justices going out of their way to explain why there is likely no discovery rule in the Copyright Act, combined with the majority's use of words suggestive of doubt the discovery rule, the whole of the Court's opinion in Warner Chappell, majority and dissenters combined, evinces a substantial ground for difference of opinion on which rule applies for ordinary infringement claim accrual.

Even among the intermediate appellate courts there exist differences of opinion about the ongoing viability of the discovery rule in the Copyright Act. Judge Murphy of the Sixth Circuit provided a cogent explanation for why courts should strongly doubt the validity of the discovery rule applied to the Copyright Act. Everly v. Everly, 958 F.3d 442, 459-68 (6th Cir. 2020) (Murphy, J. concurring) (acknowledging being precedent-bound to adhere to the discovery rule, but criticizing those decisions, which

"merely cite other decisions; they pay little attention to the statutory text or the Supreme Court's precedent"). He recently reiterated that the "assumed" discovery rule "may well prove misplaced" and his position on claim accrual is now joined by Judge Gibbons. Reguli v. Russ, No. 23-5925, 2024 U.S. App. LEXIS 19008 at *23 (6th Cir. Jul. 31, 2024) (Murphy, J., concurring). He lamented that "the parties debate the mechanics of the discovery rule without addressing 'the logically antecedent question': Should this rule apply at all?" Id. He again highlighted the contrast between the Supreme Court's decisions construing statutes of limitations with those of the appellate courts, which, in his mind, "seem to be speaking different languages." Id.

Finally, at least one judge in the Southern District of Florida has disposed of a plaintiff's copyright infringement claim predicated on the injury rule. Oppenheimer v. Palange, no. 23-cv-20507 (S.D. Fla. Dec. 24, 2023) (holding that "claims based on acts of infringement that occurred before [three years prior to suit] would be time-barred" and dismissing claims with prejudice pursuant to § 507(b)) (Gayles, J.). Notably, the defendant did not brief the competing rules of accrual, yet the district court's opinion went out of its way to acknowledge both and then expressly applied the injury rule in reaching its judgment.

Accordingly, the legal issue in the Court's order is one which there is a substantial ground for a difference of opinion, thus satisfying the second element of section 1292(b) where judges have questioned whether the discovery rule should apply to copyright infringement claims, and its applicability remains a question of first impression in the Eleventh Circuit.

**C. An appeal that would set precedent in the Eleventh Circuit on the Copyright Act statute of limitations would materially advance the ultimate termination of the litigation**

As this Court recognized in its order, "the Eleventh Circuit has not explicitly adopted either the discovery rule or the injury rule in the civil copyright infringement context." [ECF 39 at 6]. Despite also recognizing that "by nature" claims for copyright infringement versus ownership "accrue differently," id. at 8 (which is the specific holding of Webster), it nevertheless concluded that the Eleventh Circuit's citation to Calhoun in Webster indicates that it "displayed its approval of applying the discovery rule in the infringement context." Id. at 9. Rather than assuming the Eleventh Circuit's intent in Webster, the more efficient course of action would be to simply ask it, since an answer to the question would materially advance the ultimate termination of the litigation: Does a claim for ordinary copyright infringement accrue upon injury or when the copyright owner discovers the harm? Of what relevance is equitable tolling to infringement claim accrual? This Court's order provides a clean vehicle to address that directly, without any underlying factual issues or other matters that might otherwise accompany an appeal of right upon a final judgment. And if the Eleventh Circuit reversed, it would be dispositive of the entirety of Science Photo's action, comprising a single claim for copyright infringement.

**D. The Eleventh Circuit is likely to grant a Rule 5(a) petition on the Copyright Act statute of limitations, similar to its accepting Nealy v. Warner Chappell for interlocutory review**

Finally, there continues to be a groundswell of interest in the Copyright Act's

statute of limitations, both by litigants and courts alike. While the Supreme Court did not reach the issue when it resolved the conflict between the Second and Ninth Circuits on the scope of damages in Warner Chappell, that case reached the high court from the district court through an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). See Certification Order, Nealy v. Atlantic Recording Corp., no. 18-cv-25474 (S.D. Fla. Jun. 21, 2021), and Order Granting Permission to Appeal, Music Specialist, Inc. v. Warner Chappell Music, Inc., no. 21-90018 (11th Cir. Jul. 1, 2021); see also Warner Chappell, 144 S. Ct. at 1138 ("Appreciating the impact of [its] ruling, the District Court certified [the question] for interlocutory appeal."). Many amici weighed in on the limitations issue before the Supreme Court, which stole the focus from how the court framed the issue when it granted cert. Warner Chappell, 144 S.Ct. at 1139 n.1 (the "briefing in this Court focuses almost entirely on the discovery rule"). That interest has not abated and the Eleventh Circuit should be provided with an opportunity to address the matter cleanly and clearly unaccompanied by factual clutter, through a direct appeal of this discrete legal issue.

## CONCLUSION

All the elements having been met, the issue of the use of the discovery rule for copyright infringement claim accrual is ripe and appropriate for immediate interlocutory review.

**WHEREFORE**, defendant Bell Performance, Inc. respectfully requests the Court grant this motion, and enter an order pursuant to 28 U.S.C. § 1292(b) certifying

to the Eleventh Circuit the question of whether an ordinary infringement claim accrues, for purposes of § 507(b) of the Copyright Act, when (a) plaintiff suffers an injury and has a complete and present cause of action, or (b) post-injury, when a plaintiff learns or reasonably should have "discovered" that injury, and how does the concept of equitable tolling relate to that rule of accrual.

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 3.01(g), Counsel for the movant certifies that on August 8, 2024, he conferred with plaintiff's counsel by email, and further by telephone thereafter, and plaintiff opposes the relief sought in this motion. Science Photo simply asserted it wanted to move its case forward, but it could not articulate any reason why agreeing to the relief sought would in any way impair its ability to advance its case.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*